UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:26-CV-23481-ALTMAN/HERNANDEZ

MARLINE MONESTIME,

     Plaintiff,

vs.

CITY OF NORTH MIAMI BEACH
AND DARVIN WILLIAMS,

     Defendants.

_____/

## JOINT SCHEDULING REPORT

Counsel for Plaintiff, Marline Monestime, and for Defendants, City of North Miami Beach and Darvin Williams (collectively herein the "parties"), after having met and conferred, submit the following Joint Scheduling Report pursuant to Local Rule 16.1B(2) and this Court's Order entered on June 24, 2026 [ECF No. 13]:

**(A)    The Likelihood of Settlement**

The parties intend to explore settlement in this case and, to the extent they are unable to resolve this matter, are likely to continue their attempts with the assistance of a mediator.

**(B)    The Likelihood of Appearance in the Action of Additional Parties.**

The parties agree that the appearance of additional parties is not anticipated at this time.

**(C)    Proposed Limits on Time**

   i.<u>To join other parties and to amend the pleadings:</u> by Monday, September 28, 2026

  ii.<u>To file and hear motions:</u> by Friday, May 17, 2027

 iii.<u>To complete discovery:</u> by Friday, April 1, 2027

**(D)    Proposals for the Formulation and Simplification of Issues, Including the Elimination**

**of Frivolous Claims or Defenses, and the Number and Timing of Motions for Summary Judgment or Partial Summary Judgment.**

None at this time.

**(E)     The Necessity or Desirability of Amendments to the Pleadings**

The parties may seek to amend the operative pleadings pending the discovery and/or disclosure of additional facts or information that may further support such additional claims or defenses.

**(F)     The Possibility of Obtaining Admissions of Fact and of Documents, Electronically Stored Information or Things which will Avoid Unnecessary Proof, Stipulations regarding Authenticity of Documents, Electronically Stored Information or Things, and the Need for Advance Rulings from the Court on Admissibility of Evidence**

As the case processes, the Parties agree to confer in good faith to discuss proposals for the formulation and simplification of issues in this case.  The Parties anticipate that they will be able to stipulate to the authenticity of certain documents, communications, and records custodians, and to those undisputed facts relevant to the issues involved herein. Avoidance of frivolous claims or defenses will be handled in the same manner as Rule 11 of the Federal Rules of Civil Procedure so proscribes. The Parties agree to the deadlines set forth above

**(G)     Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence**

The Parties will continue to endeavor to litigate this case efficiently. The Parties agree to consider stipulations, including those regarding the authenticity and admissibility of documents and undisputed facts, to narrow the issues for trial, but have not identified what those facts will be at this early stage.

**(H)     Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master.**

The parties do not consent to referral of dispositive matters to a Magistrate Judge at this time.

**(I)** **A Preliminary Estimate of the Time Required for Trial.**

A Preliminary estimate of the time required for trial is 4 days by jury.

**(J)** **Requested Date(s) for Conferences Before Trial, a Final Pretrial Conference and Trial**

1. **Trial** – the week of August 23, 2027
2. **Pre-trial Conference** – August 16, 2027  at 9:30 a.m.
3. **Joint Pre-trial Stipulation** –  July 12, 2027
4. **Motion in Limine deadline** – June 28, 2027
5. **Completion of Mediation** – May 3, 2027

**(K)** **Any Issues Regarding:**

1. **Disclosure, Discovery, or Preservation of Electronically Stored Information, Including the Form or Forms in which it Should be Produced**

   The Parties agree that ESI may exist subject to discovery or disclosure. Such ESI will be identified and preserved in native format; however, the initial production of such documents will be in searchable Word, Excel, .pdf, or .tiff format unless specifically requested otherwise. The Parties agree that there is no obligation to convert ESI that is not currently searchable into a searchable format.

   With regard to e-mails or searchable ESI for which either party has the technical capability to conduct a search, the parties shall agree on search terms that fall within the scope of discovery contemplated by Fed. R. Civ. P. 26(b)(1). The parties agree that such discussions may be used in connection with any motion to compel.

2. **Claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert those claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502**

   If information called for during discovery is itself privileged, it need not be disclosed. However, the existence of the information and any non-privileged information called for must be disclosed in a privilege log. A privilege log shall be prepared for all items withheld based on a claim of privilege or work product protection, except written communications between a named party and its counsel after the litigation became imminent or after the commencement of the action and documents created by counsel after litigation became imminent. When a claim of privilege or work product protection is asserted, the party asserting the privilege or protection shall provide the following information with respect to each such item in

the form of a privilege log: the type of item; the date of the item; the author of the item; whether or not the author is a lawyer; each recipient of the item; and the privilege asserted.

If information is inadvertently produced in discovery that is subject to a claim of privilege or protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved.

The parties will address the necessity of asserting claims of privilege or protection for disclosed trial-preparation materials when the issue becomes ripe.

3. **When the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist**

The parties do not anticipate that the ESI at issue in this case will require them to use the ESI Checklist.

**(L)** **Any Other Information that Might be Helpful to the Court in Setting the Case for Status or Pretrial Conference**

None at this time.

Dated this 6th day of July 2026.

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*

s/Shana Bridgeman, Esq.
Shana Bridgeman, Esq.
Florida Bar No. 10300
sbridgeman@wsh-law.com
nwoods@wsh-law.com
Brett J. Schneider, Esq.
Florida Bar No. 12443
bschneider@wsh-law.com
Erica A. Hausdorff, Esq.
Florida Bar No. 1026008
ehausdorff@wsh-law.com
bmandel@wsh-law.com

Weiss Serota Helfman Cole & Bierman, P.L.
2255 Glades Road
Suite 200-E
Boca Raton, FL 33431
Tel: (561) 835-2111
*Counsel for Defendants*