UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:26-CV-23481-ALTMAN/HERNANDEZ

MARLINE MONESTIME,

      Plaintiff,

vs.

CITY OF NORTH MIAMI BEACH AND
DARVIN WILLIAMS,

      Defendants.

_____/

## PLAINTIFF'S AGREED SECOND MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Plaintiff, Marline Monestime, through her undersigned counsel and pursuant to Fed. R. Civ. P. 6(b)(1), Local Rule 7.1, and other applicable Rules and laws, requests the Court to grant an extension of time to respond to Defendants' Motion to Dismiss [ECF No. 14] based upon the agreement of the parties and the following good cause:

1.      Plaintiff filed her Complaint on May 18, 2026. [ECF No. 1.]

2.      Defendants filed their Motion to Dismiss Plaintiff's Complaint on July 2, 2026. [ECF No. 14.]

3.      Plaintiff previously requested, and the Court previously granted, an extension of time through July 30, 2026, to respond to the Complaint. [ECF Nos. 21, 22].

4.      Plaintiff now requests an additional extension of time to either respond to the Motion to Dismiss or to file an Amended Complaint based on other proceedings that relate to the case *sub judice.*

Coral Gables, Florida | Detroit, Michigan
FairLaw Firm

5.      In particular, the undersigned law firm requested public records from the City of North Miami Beach by submitting a letter through its public records request portal on May 14, 2026.

6.      When the Defendant failed to respond, the undersigned law firm sent a follow-up letter, which it uploaded to the public records portal and sent via Certified Mail on June 18, 2026.

7.      The Defendant did not timely or fully comply with the public records request, which prompted the undersigned law firm to file a lawsuit against the City of North Miami Beach in the Circuit Court for Miami-Dade County on June 30, 2026, *Law Office of Brian H. Pollock, P.A. d/b/a FairLaw Firm vs. City of North Miami Beach*, Case No.: 2026-013264-CA-01 ("Records Lawsuit").

8.      The undersigned law firm then filed Plaintiff's Expedited Motion for Immediate Hearing Under Fla. Stat. § 119.11(1) on July 16, 2026, requesting that the Court conduct an "immediate hearing" and require the Defendant to produce all requested records that had not been produced within 48 hours.

9.      The Defendant in the Records Lawsuit is represented by the same counsel who represents it in this action.

10.     The Court presiding over the Records Lawsuit conducted a status conference on July 20, 2026, at which it entered an Order requiring that by 9:15 a.m. on July 22, 2026, the Defendant either produce the remaining public records that had been requested but not provided or identify all documents and portions thereof withheld and to identify the basis.

11.     The Defendant partially complied, producing additional documents and materials by the deadline, while also submitting a sworn attestation to the Court presiding over the Records Lawsuit that additional documents and materials exist and would be provided.

12.     The undersigned law firm filed a Status Report in the Records Lawsuit to address the Defendant's continued failure to respond.

13.     The undersigned conferred with defense counsel about submitting an Order in the Records Lawsuit requiring the remaining materials sought therein to be produced by 5:00 p.m. on Monday, August 3, 2026.

14.     The undersigned conferred with defense counsel and submits that there is an agreement that the Records Lawsuit (and the materials requested therein) bear on the facts and circumstances being addressed in this Court.

15.     More specifically, the records requests in the Records Lawsuit seek the production of materials and communications related to the investigation and the Interim Report described in the Complaint – which details some of the facts and circumstances involving the investigation, how it was conducted and directed, the report generated as a result, and Plaintiff's claim that she was terminated shortly after the report was provided to the Defendants.

16.     Consequently, the parties agree that it would not be efficient to litigate issues raised in the Motion to Dismiss when Plaintiff seeks to file an Amended Complaint, and that it would not be fair to the Plaintiff herein to have to prepare an Amended Complaint with the public records it has requested on May 14, 2026, but not yet received.

17.     The parties request that the Court grant the Plaintiff an extension of time to either respond to the Motion to Dismiss or file an Amended Complaint (mooting the pending Motion to

Dismiss) – but to have that deadline be relative to the parties' confirmation that all requested records that exist have been produced.

18. Stated differently, the parties agreed for Plaintiff to request that the Court require her to respond to the Motion to Dismiss or file an Amended Complaint withing 21 days from when the parties agree that all records that are the subject of the Records Lawsuit exist (or are attested to not exist).

19. Pursuant to Fed. R. Civ. P. 6(b)(1) "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."

20. It follows that this Court has the power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *also see Clinton v. Jones*, 520 U.S. 681, 706-707 (1997).

21. This request is made in good faith and not for the purpose of improper delay. No party will be prejudiced by the brief extension requested herein.

22. Accordingly, Plaintiff respectfully requests the Court to grant her the extension of time requested herein.

WHEREFORE, Plaintiff, Marline Monestime, respectfully requests the Court to grant her an extension of time of 21 days from the date the parties agree that all available/existing records in the Records Lawsuit have been produced based on the good cause shown above.

## <u>LOCAL RULE 7.1 CERTIFICATION</u>

Counsel for the movant certifies that he has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion, and represents that defense counsel has agreed to the relief requested above.

Respectfully submitted this 30th day of July 2026,

<div style="margin-left: 50%;">

*s/*Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*

</div>