UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:26-CV-23481-ALTMAN/HERNANDEZ

MARLINE MONESTIME,

     Plaintiff,

vs.

CITY OF NORTH MIAMI BEACH AND
DARVIN WILLIAMS,

     Defendants.

_____/

## PLAINTIFF'S RENEWED AGREED SECOND MOTION
## FOR EXTENSION OF TIME
## TO FILE RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Plaintiff, Marline Monestime, through her undersigned counsel and pursuant to Fed. R. Civ. P. 6(b)(1), Local Rule 7.1, and other applicable Rules and laws, renews her requests for the Court to grant an extension of time to respond to Defendants' Motion to Dismiss [ECF No. 14] based upon the agreement of the parties and the following good cause:

### A. Procedural History

1. Plaintiff filed her Complaint on May 18, 2026. [ECF No. 1.]

2. Defendants filed their Motion to Dismiss Plaintiff's Complaint on July 2, 2026. [ECF No. 14.]

3. Plaintiff previously requested, and the Court previously granted, an extension of time through July 30, 2026, to respond to the Complaint. [ECF Nos. 21, 22].

4.      Plaintiff filed her Agreed Motion for Extension of Time to File Response to Defendants' Motion to Dismiss on July 30, 2026 [ECF No. 25], but did not include a proposed Order as the parties were negotiating the language of it.

5.      The Court then denied the Agreed Second Motion on August 3, 2026, for failing to file and submit a proposed Order. [ECF No. 27].

6.      Plaintiff now renews her request an additional extension of time, *nunc pro tunc*, to either respond to the Motion to Dismiss or to file an Amended Complaint based on other proceedings that relate to the case *sub judice.*

7.      As previously stated in the Agreed Second Motion [ECF No. 25], the undersigned law firm requested public records from the City of North Miami Beach (the "City") by submitting a letter through its public records request portal on May 14, 2026.

8.      When the City failed to respond, the undersigned law firm sent a follow-up letter, which it uploaded to the public records portal and sent via Certified Mail on June 18, 2026.

9.      The City did not timely or fully comply with the public records request, which prompted the undersigned law firm to file a lawsuit against the City of North Miami Beach in the Circuit Court for Miami-Dade County on June 30, 2026, *Law Office of Brian H. Pollock, P.A. d/b/a FairLaw Firm vs. City of North Miami Beach*, Case No.: 2026-013264-CA-01 ("Records Lawsuit").

10.     The undersigned law firm then filed Plaintiff's Expedited Motion for Immediate Hearing Under Fla. Stat. § 119.11(1) in the Records Lawsuit on July 16, 2026, requesting that the Court conduct an "immediate hearing" and require the City to produce all requested records that had not been produced within 48 hours.

11. The City is represented by the same counsel in the Records Lawsuit and herein.

**B. The Records Lawsuit Is Related To And Bears On This Action**

12. Plaintiff submits that the Records Lawsuit (and the materials requested therein) bear on the facts and circumstances being addressed in this Court.

13. More specifically, the records requests in the Records Lawsuit seek the production of materials and communications related to the investigation and the Interim Report described in the Complaint – which details some of the facts and circumstances involving the investigation, how it was conducted and directed, the report generated as a result, and Plaintiff's claim that she was terminated shortly after the report was provided to the Defendants.

14. Consequently, Plaintiff does not believe that it would be efficient to litigate issues raised in the Motion to Dismiss when she seeks to file an Amended Complaint based on the public records requested on May 14, 2026.

**C. Disputed Issues Of Compliance Persist In The Records Lawsuit**

15. The Court presiding over the Records Lawsuit conducted a status conference on July 20, 2026, after which it entered an Order requiring that by 9:15 a.m. on July 22, 2026, the City either produce the remaining public records that had been requested but not provided or identify all documents and portions thereof withheld and to identify the basis.

16. The City partially complied, producing additional documents and materials by the deadline, while also submitting a sworn attestation to the Court presiding over the Records Lawsuit that additional documents and materials exist and would be provided.

17. The undersigned law firm filed a Status Report in the Records Lawsuit to address the City's continued failure to respond.

18. The undersigned conferred with defense counsel about submitting an Order in the Records Lawsuit requiring the remaining materials sought therein to be produced by 5:00 p.m. on Wednesday, August 5, 2026, after which the Court in the Records Lawsuit entered an Order on August 3, 2026, requiring complete production accompanied by verified statements attesting that a comprehensive search was conducted and that all responsive records and materials that exist were produced.

19. The City produced additional documents and, shortly after 5:30 p.m. on August 5, 2026, filed a Notice indicating that it had fully complied by providing all responsive records and materials accompanied by Affidavits of Andrise Bernard (City Clerk) and Darvin Williams (City Manager).

20. The undersigned, as the plaintiff in the Records Lawsuit, has already notified the City of deficiencies in its production of public records and the Affidavits submitted and, after further conferral, will address those issues with the Court presiding over the Records Lawsuit.

### D. Relief Requested

21. Plaintiff renews her request that the Court grant an extension of time to either respond to the Motion to Dismiss or file an Amended Complaint (mooting the pending Motion to Dismiss).

22. As a compromise of the positions taken by the parties herein and to provide a date certain rather than a contingent deadline, the parties have agreed that Plaintiff's Amended Complaint or response to the Motion to Dismiss should be due within 35 days of the Court's Order, without prejudice to her requesting another extension if the facts and circumstances warrant one.

23. Plaintiff proposed the 35-day deadline by email to defense counsel on August 4, and Defendants agreed to this extension by email sent at 6:35 p.m. on August 6, 2026.

24. Pursuant to Fed. R. Civ. P. 6(b)(1) "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."

25. It follows that this Court has the power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *also see Clinton v. Jones*, 520 U.S. 681, 706-707 (1997).

26. This request is made in good faith and not for the purpose of improper delay. No party will be prejudiced by the brief extension requested herein.

27. Accordingly, Plaintiff respectfully requests the Court to grant her the 35-day extension of time requested herein.

WHEREFORE, Plaintiff, Marline Monestime, respectfully requests the Court to grant her a 35-day extension of time from today to file her Amended Complaint or respond to the Motion to Dismiss on the good cause shown above.

## LOCAL RULE 7.1 CERTIFICATION

Counsel for the movant certifies that he has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion, and represents that defense counsel has agreed to the relief requested above.

FAIRLAW FIRM

*s/*Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)

Respectfully submitted this 6th day of August 2026,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:     305.230.4884
*Counsel for Plaintiff*