**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:26-CV-23481-ALTMAN/HERNANDEZ

MARLINE MONESTIME,

Plaintiff,

vs.

CITY OF NORTH MIAMI BEACH,
DARVIN WILLIAMS,
ALGO LAW FIRM, LLP,
IGNACIO ALVAREZ,
FRANKLIN ROIG, and
NORBERTO HERNANDEZ
a/k/a ROBERT HERNANDEZ,

Defendants.
_______________________________/

**JOINT SCHEDULING REPORT**

Counsel for Plaintiff, Marline Monestime, and for Defendants, City of North Miami Beach, Darvin Williams, ALGO Law Firm, LLP, Ignacio Alvarez, Franklin Roig, and Norberto Hernandez a/k/a Robert Hernandez (collectively, the "Parties"), after having met and conferred, submit their Joint Scheduling Report pursuant to Local Rule 16.1(b)(2) and this Court's Order Requiring Scheduling Report and Certificates of Interested Parties entered on September 29, 2026 [ECF No. 38]:

(A) **The Likelihood of Settlement**

The Parties intend to explore settlement and have coordinated mediation to occur on November 12, 2026, before Karen Evans-Putney, Esq.

(B) **The Likelihood of Appearance in the Action of Additional Parties**

The Parties do not currently anticipate the appearance of additional parties in this case.

(C) **Proposed Limits on Time**

i. To join other parties and to amend the pleadings: by Tuesday, April 27, 2027

ii. To file and hear motions: by Thursday, December 2, 2027

iii. To complete discovery: by Wednesday, November 10, 2027

(D) **Proposals for the Formulation and Simplification of Issues, Including the Elimination of Frivolous Claims or Defenses, and the Number and Timing of Motions for Summary Judgment or Partial Summary Judgment**

None at this time.

(E) **The Necessity or Desirability of Amendments to the Pleadings**

Plaintiff filed an Amended Complaint naming additional Defendants to which no responses have yet been served. Plaintiff may seek to amend the operative Complaint based on the Court's ruling on any forthcoming motion(s) to dismiss or strike filed by one or more of the Defendants, while one or more of the Defendants may seek to amend their responsive pleading(s) pending a motion directed to their Answer(s) and Affirmative Defense(s). In addition, one or more of the parties may seek to amend their pleading(s) to the extent discovery and/or disclosure of additional facts or information may support additional claims or defenses, or to conform to the evidence, and with permission from the Court.

(F) **The Possibility of Obtaining Admissions of Fact and of Documents, Electronically Stored Information or Things which will Avoid Unnecessary Proof, Stipulations regarding Authenticity of Documents, Electronically Stored Information or Things, and the Need for Advance Rulings from the Court on Admissibility of Evidence**

The parties will utilize admissions of facts and stipulations regarding the authenticity of documents to avoid unnecessary proof.

(G) **Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence**

None other than in (F), above.

(H) **Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master**

Pursuant to the Court's Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge [ECF No. 19], all pretrial non-dispositive and discovery matters have been referred to United States Magistrate Judge Yeney Hernandez. The Parties do not consent to trial and final disposition by the Magistrate Judge.

(I) **A Preliminary Estimate of the Time Required for Trial**

A preliminary estimate of the time required for trial is five to six days by jury.

(J) **Requested Date(s) for Conferences Before Trial, a Final Pretrial Conference and Trial**

1. Trial – two-week trial calendar beginning Monday, March 13, 2028
2. Pre-trial Conference / Calendar Call – Tuesday, March 7, 2028, at 1:45 p.m.
3. Joint Pre-trial Stipulation – Tuesday, February 22, 2028
4. Motion in Limine deadline – Friday, January 14, 2028
5. Completion of Mediation – Wednesday, November 24, 2027

(K) **Any Issues Regarding:**

**1. Disclosure, Discovery, or Preservation of Electronically Stored Information, Including the Form or Forms in which it Should be Produced**

The Parties agree that ESI exists subject to discovery or disclosure. Such ESI will be identified and preserved in native format; however, the initial production of such documents will be in searchable Word, Excel, .pdf, or .tiff format unless specifically requested otherwise. The Parties agree that there is no obligation to make documents/ESI searchable which are not currently preserved in a searchable format.

The Parties anticipate that they will produce electronically stored information relating to Plaintiff's employment and personnel records; the City's Civil Service Rules and related records; the investigation conducted by ALGO Law Firm, LLP, including engagement and billing records,

audio recordings of witness interviews, interview summaries, drafts, and the Interim Report and its revisions; and communications among the Parties concerning these matters, including e-mails and text messages, to the extent such information exists. The electronic formats are likely to include those that can be opened by Microsoft Word, Microsoft Excel, Adobe, and standard audio playback software. With regard to e-mails or searchable ESI for which any Party has the technical capability to conduct a search, the Parties shall agree on search terms that fall within the scope of discovery contemplated by Fed. R. Civ. P. 26(b)(1). The Parties agree that such discussions may be used in connection with any motion to compel.

**2. Claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert those claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502**

If information called for during discovery is itself privileged, it need not be disclosed. However, the existence of the information and any non-privileged information called for must be disclosed in a privilege log. A privilege log shall be prepared for all items withheld based on a claim of privilege or work product protection, except written communications between a named party and its counsel after the litigation became imminent or after the commencement of the action and documents created by counsel after litigation became imminent. When a claim of privilege or work product protection is asserted, the party asserting the privilege or protection shall provide the following information with respect to each such item in the form of a privilege log: the type of item; the date of the item; the author of the item; whether or not the author is a lawyer; each recipient of the item; and the privilege asserted.

If information is inadvertently produced in discovery that is subject to a claim of privilege or protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must

promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved.

The parties will address the necessity of asserting claims of privilege or protection for disclosed trial-preparation materials when the issue becomes ripe.

**3. When the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist**

The parties do not anticipate that the ESI at issue in this case will require the parties to utilize the ESI Checklist.

(L) **Any Other Information that Might be Helpful to the Court in Setting the Case for Status or Pretrial Conference**

None at this time. There is no need for a variance from the discovery limitations imposed by the Local Rules and/or the Federal Rules of Civil Procedure, other than to accommodate the schedule proposed herein.

Dated this 16th day of October 2026.

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Florida Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, FL 33146
Tel: 305.230.4884
Counsel for Plaintiff

s/Shana Bridgeman, Esq.
Shana Bridgeman, Esq.
Florida Bar No. 10300
sbridgeman@wsh-law.com
Brett J. Schneider, Esq.
Florida Bar No. 12443
bschneider@wsh-law.com
Erica A. Hausdorff, Esq.
Florida Bar No. 1026008
ehausdorff@wsh-law.com
Weiss Serota Helfman Cole & Bierman, P.L.
2255 Glades Road, Suite 200-E
Boca Raton, FL 33431
Tel: (561) 835-2111
Counsel for Defendants, City of North Miami Beach and Darvin Williams

s/James M. Kaplan, Esq.
James M. Kaplan, Esq.
Florida Bar No. 921040
james.kaplan@kaplanzeena.com
Kaplan Zeena LLP
2 South Biscayne Boulevard, Suite 3050
Miami, FL 33131
Tel: (305) 530-0800
Counsel for Defendants, ALGO Law Firm, LLP, Ignacio Alvarez, and Franklin Roig

s/Lara Juliette Fernandez, Esq.
Lara Juliette Fernandez, Esq.
Florida Bar No. 1059162
lara@larajuliettelaw.com
Lara Juliette Fernandez, P.A.
1430 S. Dixie Highway, Suite 323-B
Coral Gables, FL 33146
Tel: (305) 877-2600
Counsel for Defendant, Norberto Hernandez a/k/a Robert Hernandez