UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:26-CV-23481-ALTMAN/HERNANDEZ

MARLINE MONESTIME,

Plaintiff,

vs.

CITY OF NORTH MIAMI BEACH,
DARVIN WILLIAMS,
ALGO LAW FIRM, LLP,
IGNACIO ALVAREZ,
FRANKLIN ROIG, and
NORBERTO HERNANDEZ
a/k/a ROBERT HERNANDEZ,

Defendants.
______________________________/

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION TO DISMISS [ECF NO. 50] AND FOR LEAVE TO EXCEED PAGE LIMIT**

Plaintiff, Marline Monestime, through her undersigned counsel and pursuant to Fed. R. Civ. P. 6(b)(1), Local Rule 7.1(c)(2), and other applicable Rules and laws, moves the Court for (1) an extension of time, through and including December 7, 2026, to respond to Defendants' Motion to Dismiss Amended Complaint [ECF No. 50] (the "Motion to Dismiss"), and (2) leave to file her response in excess of the twenty (20) page limit, not to exceed thirty (30) pages, based upon the following good cause:

1. On August 25, 2026, Plaintiff filed her Amended Complaint, which pleads nine (9) counts against six (6) Defendants, four (4) of whom were added by the amendment. [ECF No. 32; ECF No. 48 ¶ 1.]

2. The counts arise under different legal theories, including 42 U.S.C. § 1983 (procedural due process, liberty interest, and conspiracy), Fla. Stat. § 112.3187, and Florida common law (tortious interference, defamation, and civil conspiracy). [ECF No. 48 ¶ 3.]

3. The Court's Order in Cases with Multiple Defendants requires all Defendants to jointly file any motion to dismiss containing all bases for the relief sought, and to observe the page limits in the Local Rules unless the Court orders otherwise. [ECF No. 4 ¶ 6.]

4. Defendants ALGO Law Firm, LLP, Ignacio Alvarez, Franklin Roig, and Norberto Hernandez moved, without opposition from Plaintiff, for a one-week extension of their October 26, 2026 deadline to respond to the Amended Complaint, and the Court granted the motion. [ECF Nos. 44, 45.] Defendants City of North Miami Beach and Darvin Williams sought the same extension [ECF No. 46], which the Court denied as moot. [ECF No. 47.]

5. On October 29, 2026, Defendants moved for leave to file their joint motion to dismiss in excess of the twenty (20) page limit of Local Rule 7.1(c)(2), not to exceed thirty (30) pages, citing "the number of Defendants, the number of counts directed at each Defendant, the different bodies of law under which the counts arise, and the defenses that differ by Defendant and by count." [ECF No. 48 ¶ 8.] Plaintiff did not oppose that request, and the Court granted it. [ECF Nos. 48, 49.]

6. Defendants filed their Motion to Dismiss on November 2, 2026 [ECF No. 50], making Plaintiff's response due on November 16, 2026.

7. Defendants' 30-page Motion to Dismiss advances separate grounds for two groups of Defendants: Defendants City of North Miami Beach and Darvin Williams move on the grounds stated in Sections B.1 through B.6 of the Argument, and Defendants ALGO Law Firm, LLP, Ignacio Alvarez, Franklin Roig, and Norberto Hernandez move on the grounds stated in Sections B.7 through B.11, with each Defendant also joining certain of the other Defendants' arguments. [ECF No. 50 at 1 n.1.]

8. Among other things, the Motion to Dismiss challenges Plaintiff's procedural due process claims under *McKinney v. Pate*, 20 F.3d 1550 (11th Cir. 1994) (en banc), the municipal liability allegations, the federal and Florida conspiracy claims, the Florida Whistle-blower's

Act claim, and the tortious interference and defamation claims, and it asserts various immunities and privileges on behalf of Defendants.

9. Plaintiff requires additional time to fully and adequately respond to each of the arguments raised in the Motion to Dismiss, as to each Defendant and each count, due to the issues involved and her counsel's workload.

10. Plaintiff therefore requests an additional twenty-one (21) days, through and including Monday, December 7, 2026, to file her response to the Motion to Dismiss.

11. Plaintiff also requests leave to file a response of up to thirty (30) pages, in excess of the 20-page limitation imposed by Local Rule 7.1(c)(2).

12. The same considerations that warranted Defendants' request for additional pages—the number of Defendants, the number of counts, the different bodies of law, and the defenses that differ by Defendant and by count—apply equally to Plaintiff's response, which must address every argument raised in Defendants' consolidated Motion to Dismiss. Permitting Plaintiff the same number of pages the Court allowed Defendants will afford Plaintiff a fair opportunity to respond to each of those arguments.

13. Pursuant to Fed. R. Civ. P. 6(b)(1), "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."

14. It follows that this Court has the power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *also see Clinton v. Jones*, 520 U.S. 681, 706-707 (1997).

15. The requested extension will not affect any other deadline set in the Court's Trial Order. [ECF No. 43.]

16. This request is made in good faith and not for the purpose of improper delay. No party will be prejudiced by the relief requested herein.

WHEREFORE, Plaintiff, Marline Monestime, respectfully requests that the Court enter an Order (a) extending her deadline to respond to Defendants' Motion to Dismiss Amended Complaint [ECF No. 50] through and including December 7, 2026; (b) granting her leave to file her response in excess of the twenty (20) page limit, not to exceed thirty (30) pages; and (c) granting such further relief as the Court deems just and proper.

**LOCAL RULE 7.1 CERTIFICATION**

Counsel for the movant certifies that he has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion, and represents that, despite multiple attempts on November 13 and 16, 2026, counsel for Defendants have not responded or provided their position on the relief requested above.

Respectfully submitted this 16th day of November 2026,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel: 305.230.4884
*Counsel for Plaintiff*